Jewett & al. *v.* Hodgdon.

### JEWETT & AL. *vs.* HODGDON.

Where, in a petition for a road, the particular courses between the two *termini* were expressly designated at the time of its signature; but afterwards the petition was amended by striking out the intermediate courses, and praying for the location of a road between the same *termini*, in such direction as the locating committee should think expedient; it was held that such alteration absolved from the contract those petitioners whose private interests it might materially affect.

This action, which was *assumpsit* for money laid out and expended, was tried upon the general issue in the Court of Common Pleas before *Smith J.* and came up by writ of error upon exceptions taken to his opinion.

It appeared that in the year 1818, the plaintiffs and defendant, with several other persons, subscribed a petition addressed to the Circuit Court of Common Pleas, which then had the powers of a Court of Sessions, praying for the location of a county road " from *Anthony Bracket's* in *Augusta*, " at the town road leading through " *Sidney* commonly called the middle road, and running northerly" *by certain houses and monuments particularly specified in the petition*, to " *Pullen's* mills in the town of *Waterville*." At a meeting of some of the petitioners, the defendant not being present, it was agreed that the plaintiffs should take charge of the petition and procure the establishment of the road, if practicable. The plaintiffs entered the petition at the next term of the Court to which it was addressed, and paid the expenses of that term;—but the Court, being of opinion that the intermediate courses and direction of the road, as specified in the petition, were not such as it would be for the public interest to adopt, recommended an amendment of the petition, by striking out all the description except the two *termini* of the road, and praying for the location of a road between these *termini, in such a direction as a committee to be appointed by the Court should deem expedient.* Pursuant to this intimation the plaintiffs' attorney amended the petition, and thereupon at *August* term, 1820, obtained the acceptance of a road, located according to the petition as thus amended. In the prosecution of this business, the plaintiffs expended a large sum of money. There was no evidence of any express consent of the defendant that the

plaintiffs should be his or the petitioners' agents, or that the petition should be amended; nor did it appear that he had any knowledge of the amendment.

The plaintiffs, upon this evidence, claimed of the defendant his rateable proportion of all the expenses incurred, or at least of so much as accrued prior to the amendment of the petition;—which the defendant resisted on the ground that it had been altered in a material part without his consent, and greatly against his interest. And the Judge directed the jury that if they believed that the road had been laid out in a different direction or place than was contemplated by the defendant, and if, by its being laid out as it was, the defendant did not derive the advantages from its establishment, which he expected when he signed the petition, they must consider the alteration of the petition as material, so far as he was concerned; and that he was thereby released from all obligation to contribute, unless he expressly constituted the plaintiffs his agents, with authority to make the alteration, or had expressly assented to it when made. The jury, under these instructions, found for the defendant, to which the plaintiffs excepted.

*R. Williams*, for the plaintiffs, adverted to the usage and practice of the Court of Sessions, as long established and well known in this county, requiring petitioners for roads to bear the expenses of their location; and contended that the undertaking of the petitioners in this case ought to be interpreted by reference to that usage; and that each party must be understood to stipulate for the payment of his proportion of such expenses as were usually paid by petitioners; and to assent that the attorney to whose care the petition might be entrusted, should exercise his own discretion as to the mode of effecting their general design. This was declared by them to be a public enterprise, pursued from public motives, and for the public convenience;—to obtain the location of a road from one *terminus*, by a course *generally* indicated in the petition, to the other. All lawful means to effect this object were within the legitimate range of the agent's powers; and are necessarily to be inferred, from the nature of the original association. *Sproat v. Porter* 9 *Mass.* 300, 12 *Mass.* 190. And as the

Jewett & al. *v.* Hodgdon.

amendment tended to facilitate the attainment of this object, the alteration was not material to the defendant; and he was bound by natural justice to bear his proportion of the expense of conducting the joint concern.

*Boutelle,* for the defendant, admitted the general principle assumed on the other side, but denied its application. He insisted that where the *course* of the road was particularly specified in the petition, and was afterwards altered in a material part without the express assent of the petitioners, they were absolved from the contract. *Middlesex Turnpike Corp. v. Locke* 8 *Mass.* 268. *The same v. Swan* 10 *Mass.* 384. Had the whole undertaking been reduced to writing, and the petition inserted in it as a part of the contract, the .alteration would be manifestly within the principle of those cases in which the defendant has been holden discharged. The plaintiffs have voluntarily waived their right of calling on him, by altering the contract into which he entered ; and substituting a new petition which he never signed, and which cannot legally be read in evidence in the case. *Masters v. Miller* 4 *D. & E.* 320. *Powell v. Divett* 15 *East* 29. *Hatch v. Hatch* 9 *Mass.* 307. *Barrett v. Thorndike* 1 *Greenl.* 73. *N. Hamp. Rep.* 95.

MELLEN, C. J. delivered the opinion of the Court as follows.

The error assigned consists in the instructions which the Judge of the Court of Common Pleas who tried the cause gave to the jury: in which he stated to them that if they should find certain facts to be true, they must consider the defendant as released from his obligation to contribute towards the payment of the expenses in question; *unless* he *expressly* constituted the plaintiffs his agents, with authority to make the alteration in the petition, or had afterwards *expressly* assented to such alteration. It is contended that these questions should have been left to the jury; so that they might, if they thought proper, infer an *implied* appointment of the plaintiffs as agents, with power to use their sound discretion and make the alteration in the petition, if found necessary or expedient; or an *implied* subsequent assent to such alteration. In this case there was no proof of an *express appointment,*

or *express assent*—or that the defendant *knew* of the alteration or amendment of the petition, until after the commencement of the present action. The jury, therefore, could not presume an *implied assent* to the amendment; because it could not possibly be given without *knowledge* of such amendment. We cannot, for this reason, perceive any incorrectness in the instructions of the Judge in *this* particular. But it is urged that the *signing of the petition* by the defendant and others, must be considered as con-conveying an authority to *some* of the petitioners to act as agents for the *others*, in taking those legal measures which they must have known to be necessary to procure an adjudication of the Court of Sessions upon the subject of the petition;—and that therefore, no *express* appointment of the plaintiffs as agents was necessary; and that at any rate, as they were appointed expressly by *some* of the petitioners, though the defendant was not present, he must be considered as assenting to the agency; and that such *implied* assent and agreement to this arrangement was a proper subject for the consideration of the jury, and should have been submitted to them for decision, according to the case of *Sproat v. Porter & al.* Allowing this argument its full force, and that such *implied promise* might have been fairly found by the jury, still it does not follow, that the implied agreement extended any further than to the usual prosecution of the petition which the defendant had signed, and the legal mode of obtaining a decision of the Court of Sessions upon *the prayer* of that petition, *as it was when signed by him.* It was undoubtedly a strong inducement to him to sign the petition, that the contemplated road was essentially to benefit him as an *individual*, in case it should be located according to the prayer of the petition, and in the course therein *specially* described; but by the amendment of the petition, all *intermediate objects* were struck out, and only the *termini* of the contemplated road were left. This change was very material, and has operated to the private disadvantage of the defendant, defeated his expectations, and in all respects disappointed him. Of all this he was ignorant until long after the road was located.—He now says to the plaintiffs " I have never signed such a petition as the Court acted upon;—I have never petitioned for such a road as you have procured to be laid out;—and I never *would have* petitioned for

such an one;—I am *injured* and not *benefitted* as I *expected to be* and *should have been,* had the road been laid out as I requested." The amendment, we think must be considered as a *new petition,* so far as it regards the defendant and *such new petition* he never signed, and of course he is not answerable for any of the expenses incurred *after* the amendment; and as the act of the plaintiffs was not done by the consent or even knowledge of the defendant ; as they did not *pursue,* but *relinquished* the object which the defendant had in view; and never attempted to obtain a decision of the Court upon the prayer of the petition as it was when signed; we think they have, by thus abandoning the *original object,* lost *all* claim on the defendants—and accordingly the judgment of the Court of Common Pleas is affirmed with costs.